UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EUGENE M. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-84 TS |
| | ) | |
| ESSEX GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Judgment was entered in favor of the Defendant on June 29, 2006, in this employment discrimination action after the Court granted Defendant's Motion for Summary Judgment on the same date. On July 10, 2007, the Defendant filed its Bill of Costs, and on July 13, 2007, the Clerk issued its Notice of Costs for the Plaintiff in the amount of $2,367.90. On July 24, 2007, the Plaintiff *pro se* objected in a handwritten letter, stating that he is unable to pay many of his bills at this time but also noting that he is currently working. On the same date, the Plaintiff filed a Notice of Appeal and a Motion to Appeal *in forma pauperis*. The Defendant, on July 25, 2007, responded to Plaintiff's Objection to the Notice of Costs, stating that the Plaintiff has not shown his indigence. The Court here addresses Plaintiff's motion to appeal *in forma pauperis*.

A motion to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. The statute states that such an appeal "may not be taken . . . if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Rule 24 states that, in addition to financial information regarding the party's inability to pay, a motion to appeal *in forma pauperis* must include an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(B).

Plaintiff's handwritten Notice of Appeal, just over one page, asks the Court to reverse its summary judgment order in favor of the Defendant. The notice states without elaboration that

key facts were overlooked, other African-Americans who work or have worked at the Defendant's business believe their civil rights have been violated, and that the Plaintiff has evidence to show a violation of his civil rights. Plaintiff does not present any claims that the legal analysis in the Summary Judgment Opinion and Order was flawed, does not state the legal issues he would present on appeal, and he does not list any facts, new or not, that he would present on appeal.

Plaintiff, during briefing in opposition to the summary judgment motion, had the opportunity to present information or evidence that other African-Americans felt their civil rights were violated or that they suffered from racial discrimination. As is the case with summary judgment opinions, all facts and inferences were construed in favor of the Plaintiff as the non-moving party. The Court's order was 24 pages and addressed in detail the factual and legal issues of the Plaintiff's claims. The Plaintiff has not stated grounds upon which he will appeal that order. Accordingly, this Court is unable to certify that the motion to appeal *in forma pauperis* is in good faith.

Plaintiff's Notice of Appeal can be characterized best as an expression of disagreement with the Court's Opinion and Order in favor of the Defendant, "but his general approval of this court's decision is not necessary." *Pratt v. Nisource, Inc.*, 2:03-cv-246, 2005 WL 1383954, at *1 (N.D. Ind. June 6, 2005) (Moody, J). In *Pratt*, the court denied a motion to appeal *in forma pauperis* after it had granted summary judgment for the defendant in an employment discrimination action. "Ultimately, as plaintiff failed to explain why he believes this court's decision in favor of defendants was inappropriate, there is no way for this [c]ourt to exercise its judicial discretion to determine the meritorious character of the appeal . . . ." *Pratt*, 2005 WL 1383954, *1 (quotation omitted).

The Defendant of course may appeal this Court's denial of leave to appeal *in forma pauperis* under Fed R. App. P. 24(a)(5). The Court will delay its ruling on Defendant's

Objection to the Notice of Costs until any appeal is decided or the time for appeal has passed.

Plaintiff's Motion for Leave to Appeal *in forma pauperis* (DE 51) is DENIED.

SO ORDERED on August 31, 2007.

                                             s / Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT