UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EUGENE M. CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-84-TS |
| ) | |
| ESSEX GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION and ORDER**

This matter is before the Court on the Plaintiff's objection to the Notice of Costs. Judgment was entered in favor of the Defendant on June 29, 2006. On July 10, 2007, the Defendant filed its Bill of Costs, and on July 13, 2007, the Court issued its Notice of Costs for the Plaintiff in the amount of $2,367.90. On July 24, 2007, the Plaintiff objected in a handwritten letter stating only that he is unable to pay many of his bills at this time, and admitting that he is currently working. The Defendant responded on July 25, 2007, stating that the Plaintiff has not shown his indigence. Also on July 24, 2007, the Plaintiff filed a notice of appeal and a motion for leave to appeal *in forma pauperis*, which the Court denied on August 31, 2007. On October 19, 2007, the Seventh Circuit dismissed the Plaintiff's appeal for failure to timely pay the required docketing fee.

The Seventh Circuit has outlined the inquiry a court must make before it refuses to tax costs against a party for the reason that the party is indigent.

> First, the district court must make a threshold factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." The burden is on the losing party to provide the district court with "sufficient documentation to support such a finding." **This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses**. . . .
>
> Second, the district court should consider the amount of costs, the good faith of

>the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Rivera v. City of Chi.*, 469 F.3d 631, 635–36 (7th Cir. 2006) (citations removed, emphasis added). The Seventh Circuit noted that denying costs is a "narrow" exception, and the burden is on the losing party to overcome the presumption of the costs award to the prevailing party. *Id.* at 636.

The Plaintiff did not submit any documentation in support of his objection to the notice of costs. However, in his motion for leave to appeal *in forma pauperis*, he provided some evidence of his financial state. On the application, he marked that he is currently employed and he has received money from "Business, profession or other self-employment" within the last twelve months. In reference to that income, he listed on a handwritten attachment "Chapman Auto Service" on East Douglas Street and noted he made approximately $500 in the last twelve months at the business. He noted in the handwritten attachment that he owns a "1995 olds - car" at a value of $600. In the same entry, the numbers 605, 607, 615, 519, 625, and 629 are listed in the line above "E. Douglas St," but the meaning of that information is unclear. He wrote that he has $150.00 in his checking or savings account. The Plaintiff listed his wife and two children in the handwritten attachment in response to the question about any persons dependent on him for support. The Plaintiff did not list the amount of support he provides for them as Number 6 on the application requests. The last page of the IFP request is a copy of a pay stub from a company with a Grand Rapids, Michigan, address. The document lists his pay rate at $13 per hour, and his net pay for one week in July of 2007 was $675.84.

The answers to the application questions contain ambiguities and could be more complete, and no schedule of expenses is provided, as required by *Rivera*. Based on even this

incomplete information, the Court cannot make a finding that the Plaintiff is incapable of paying the costs now or in the future. *Rivera*, 469 F.3d at 635. Consideration of the other *Rivera* factors does not lead to the conclusion that the Plaintiff should be relieved from paying costs. The amount of costs, $2367.90, is not exorbitant or extremely high, and the figure is supported by a detailed, ten-page bill of costs filed by the Defendant. The good faith of the losing party, the Plaintiff, is not at issue; there is no indication the lawsuit was not brought in good faith. The closeness and difficulty of the issues also are not significant factors here. In sum, there is no basis to allow the Court to rule that the Plaintiff has met the requirements for the "narrow" exception to the general rule that the non-prevailing party must pay costs.

Accordingly, the Plaintiff's Objection to Bill of Costs is OVERRULED.

SO ORDERED on November 14, 2007.

 /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT